UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TERRY BETTIS,

      Plaintiff,

v.                                              Case No. _____

CITY OF EUNICE and
CITY COUNCIL OF
EUNICE.

      Defendants.

## COMPLAINT FOR VIOLATION OF FREE SPEECH RIGHTS

Plaintiff Terry Bettis, by and through his attorneys, hereby alleges the following:

## INTRODUCTION

1. This case arises from the City of Eunice's enactment of an ordinance making it unlawful for an elected official to "take to any social media platform to defame, intimidate or make false accusations against the City of Eunice or any of its current or former employees." City of Eunice Ordinance No. 532, Chapter 2, Article III, Section 2-50(b) of the Conduct of Conduct for City Elected Officials (the "Ordinance"). A copy of the Ordinance is attached as Exhibit A. Under Section 2-51 of the Ordinance, a violation may result in a "public reprimand" or "removal of the elected official from office." *Id.*

2. The ordinance is facially unconstitutional under the First and Fourteenth Amendments to the United States Constitution, and Article II, § 17 of the Constitution of the State of New Mexico, because it is a content and/or viewpoint-based restriction on speech that is not narrowly tailored to further any compelling government interest. *See R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 384 (1992) ("Thus, the government may proscribe libel; but it may not make the further content discrimination of proscribing *only* libel critical of the

government."). For example, the Ordinance singles out and punishes certain speech that is *critical* of the City and its employees but does not similarly single out and punish speech that is *supportive* of the City and its employees. Similarly, the Ordinance singles out and punishes false *criticism* of the government and its employees but does not similarly single out false *support* of the government and its employees. *See Chaker v. Crogan*, 428 F.3d 1215 (9th Cir. 2005) (holding that a city ordinance making it unlawful to file a false complaint against a peace officer was unconstitutional).

3.  The Ordinance is also unconstitutional as applied to Plaintiff Terry Bettis, a longstanding member of Eunice's City Council, because he was publicly reprimanded for engaging in constitutionally protected speech on his social media account. Specifically, on October 14, 2019, the City Council publicly reprimanded Councilor Bettis for posting comments that were purportedly critical of the City and its employees on Facebook. A copy of City of Eunice Resolution No. 3218 is attached as Exhibit B.

4.  Councilor Bettis seeks a judgment under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 that the Ordinance violates his right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution and Article II, § 17 of the Constitution of the State of New Mexico. He also seeks preliminary and permanent injunctive relief in the form of an order enjoining the City from enforcing the Ordinance. Finally, Councilor Bettis seeks money damages arising from the issuance of the public reprimand.

## **THE PARTIES**

5.  Plaintiff Terry Bettis is a resident of Eunice, New Mexico and has served on the City Council of Eunice since 2004.

6. Defendant City of Eunice is a municipal corporation incorporated under the laws of New Mexico.

7. Defendant City Council of Eunice is the public body responsible for the supervision and control of the City of Eunice.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1988, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(1) and (2) because Defendants are located within this district, and the events giving rise to the claims occurred within this district.

## FACTS

### The Challenged Ordinance

10. This lawsuit challenges the constitutionality of an ordinance making it unlawful for a City Councilor such as Councilor Bettis to engage in speech that is critical of Defendants or their employees. The Ordinance reads as follows: "No elected official shall take to any social media platform to defame, intimidate or make false accusations against the City of Eunice or any of its current or former employees." Exhibit A (City of Eunice Ordinance No. 532, Chapter 2, Article III, Section 2-50(b) of the Conduct of Conduct for City Elected Officials). Under the Ordinance, violators may be publicly reprimand, fined, and even removed from office. *Id*. (City

3

of Eunice Ordinance No. 532, Chapter 2, Article III, Section 2-51 of the Conduct of Conduct for City Elected Officials).

## The Effect of the Ordinance on Councilor Bettis

11. Councilor Bettis is a longtime resident of Eunice and has been a member of the Eunice City Council since 2004. His current term expires in 2021.

12. Up until 2019, Councilor Bettis' attendance at Council meetings was stellar. In 2019, however, Councilor Bettis experienced serious and debilitating back pain that affected his ability to attend and participate at Council meetings.

13. Councilor Bettis underwent surgery in October 2019, which required a lengthy recovery process. As a result, Councilor Bettis attended fewer meetings than usual in 2019.

14. Councilor Bettis informed Defendants of his medical condition and provided them with medical documentation in support.

15. Nevertheless, Defendants enacted the Ordinance to specifically address Councilor Bettis' attendance issues and to prohibit and chill him from publicly defending himself by including a provision making it unlawful to criticize Defendants and their employees through social media.

16. The social media restriction was directed at Councilor Bettis' use of a Facebook account to express opinions about Defendants and the actions of some of their employees.

17. Councilor Bettis is active on social media through a publicly accessible Facebook account. On his Facebook account, Councilor Bettis describes himself as a "a Patriot, a veteran, United States Air Force, an X police officer reserve, a city councilman and an author." He uses the Facebook account to post information about the City Eunice, political issues, and his personal activities. Councilor Bettis does not restrict comments or discourse on his Facebook page.

18. On October 14, 2019, Defendant City Council publicly reprimanded Councilor Bettis for among other things using "his Facebook account to make comments that have not been appropriate for which said communications should not continue as to help Councilman Terry Bettis to comply with the required behavior[.]" *See* Exhibit B.

19. Defendant City Council issued the public reprimand out of retaliation against Councilor Bettis for engaging in constitutionally protected speech that was critical of the City Council and its employees.

### The Ordinance Is An Unconstitutional Restriction On Speech

20. The United States Supreme Court "has characterized the freedom of speech and that of the press as fundamental personal rights and liberties. The phrase is not an empty one and [is] not lightly used." *Schneider v. New Jersey*, 308 U.S. 147, 161 (1939) (footnote omitted). "Under long-established First Amendment law, governmental entities are 'strictly limited' in their ability to regulate private speech in public fora." *Davis v. Randall*, 912 F.3d 666, 681 (4th Cir. 2019). "As a general matter, social media is entitled to the same First Amendment protections as other forms of media." *Knight First Amendment Inst. at Columbia Univ. v. Trump*, 928 F.3d 226, 237 (2d Cir. 2019) (citing *Packingham v. North Carolina*, --- U.S. ---, 137 S.Ct. 1730, 1735-36 (2017)). Social media accounts operated by public officials bare the "hallmarks" of both traditional and limited public forums. *See Davis v. Randall*, 912 F.3d at 682.

21. The Ordinance at issue must also be considered "against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964). "Premised on mistrust of government power, the First

Amendment stands against attempts to disfavor certain subjects or viewpoints." *Citizens United v. Federal Election Com'n*, 130 S.Ct. 876, 882 (2010).

22. While the state may enforce content-neutral regulations on the use of traditional public forums, such regulations must be "narrowly tailored to serve a significant government interest and leave open ample alternative channels of communication." *Perry Educ. Ass'n, v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). To satisfy the narrow tailoring requirement, "the Government . . . bears the burden of showing that the remedy it has adopted does not 'burden substantially more speech than is necessary to further the government's legitimate interests.'" *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 665 (1994) (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 799 (1989)). Furthermore, alternative channels that "involve more cost and less autonomy" to speakers and that "may be less effective media for communicating the message," do not constitute ample alternative channels for protected speech. *Linmark Assocs., Inc. v. Twp. of Willingboro*, 431 U.S. 85, 93 (1977).

23. Likewise, "[w]hen the government targets not subject matter, but particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant. Viewpoint discrimination is thus an egregious form of content discrimination. The government must abstain from regulating speech when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Id.* Courts take an "especially critical review" of viewpoint-based restrictions. *See Summum v. Callaghan*, 130 F.3d at 917 (citing *Church on the Rock v. City of Albuquerque,* 84 F.3d 1273, 1279-80 (10th Cir. 1995), *cert. denied,* 519 U.S. 949 (1996)) (internal citation omitted). "Thus, in determining whether the [government] is acting to preserve the limits of the forum it has created so that the exclusion of a class of speech is legitimate, [the Supreme Court has] observed a distinction between, on the one

6

hand, content discrimination, which may be permissible if it preserves the purposes of that limited forum, and, on the other hand, viewpoint discrimination, which is presumed impermissible when directed against speech otherwise within the forum's limitations." *Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819, 829-30 (1995).

24. Here, the City's Ordinance is, on its face, overly broad and unconstitutionally infringes Plaintiffs' rights to exercise freedom of speech and expression in a public forum by restricting a substantial volume of constitutionally protected speech without adequate justification. The Ordinance, for example, essentially bars Councilor Bettis from expressing any opinions that are critical of the City or its employees.

25. By depriving Councilor Bettis and others from using social media, the Ordinance forces them to utilize other less effective channels for communicating protected speech.

## CLAIMS

### Count I
**Violation of 42 U.S.C. § 1983 & New Mexico Constitution, Art. II, § 17 (Free Speech)**
**(Against City of Eunice)**

26. Plaintiff hereby re-alleges Paragraphs 1 through 25 as though fully set forth herein.

27. 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

28. The First Amendment to the United States Constitution, as applicable to the States through the Fourteenth Amendment, prohibits the making of any law that "abridg[es] the freedom of speech."

29. Article II, § 17 of the Constitution of the State of New Mexico states, "Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right; and no law shall be passed to restrain or abridge the liberty of speech or of the press." Article II, § 17 provides *greater* protection with respect to content-based restrictions than does the First Amendment to the U.S. Constitution, and equivalent protection with respect to content-neutral restrictions. *State v. Garcia*, 294 P.3d 1256, 1262 (Ct. App. N.M. 2013).

30. As alleged above, the Ordinance, on its face and as applied to Plaintiff, unconstitutionally infringes or imminently threatens to infringe Plaintiffs' rights under the First and Fourteenth Amendments to the U.S. Constitution and Article II, § 17 of the Constitution of the State of New Mexico, including their rights to freedom of speech and expression.

31. Because the City has acted and threatened to act under the color of state law to deprive Plaintiffs of rights guaranteed by the Constitution and laws of the United States, Plaintiffs may sue and seek relief pursuant to 42 U.S.C. § 1983.

32. As a result, Plaintiffs are entitled to preliminary and permanent injunctive relief, a declaratory judgment, costs and attorney's fees, and such other relief as the Court deems just.

### Count II
### Declaratory Judgment

33. Plaintiffs hereby re-allege Paragraphs 1 through 32 as though fully set forth herein.

34. 28 U.S.C. § 2201(a) provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

35. Plaintiff alleges that the Ordinance violates the First and Fourteenth Amendments to the United States Constitution, and Article II, § 17 of the Constitution of the State of New Mexico.

36. Upon information and belief, the City will enforce the Ordinance.

37. There is an actual controversy between the parties as to whether the Ordinance is unconstitutional.

38. Plaintiffs seek a declaration that the Ordinance is unconstitutional and violates Plaintiff's rights to freedom of speech under the First and Fourteenth Amendments to the United States Constitution, and Article II, § 17 of the Constitution of the State of New Mexico.

**Count III**
**Violation of 42 U.S.C. § 1983 for Retaliation for Exercising Right to Free Speech**
**(Against City Council of Eunice)**

39. Plaintiff incorporates by reference all proceeding allegations.

40. At all material times, the Defendants' conduct was under color of federal law, statute or authority.

41. The First Amendment protects Plaintiff's right speak freely on his social media platforms, including speech that is critical of the City and its employees.

42. Social media, including Facebook, is a public forum under the First Amendment.

43. Defendant City Council retaliated against Plaintiff by issuing a public reprimand for engaging in constitutionally protected speech on social media.

9

44. Defendant's actions caused Plaintiff to suffer injuries that would chill a person of ordinary firmness from continuing to engage in the protected activities.

45. Defendant's actions were substantially motivated as a response to Plaintiff's exercise of constitutionally protected activities.

46. Defendants' conduct violated the Plaintiff's rights, as secured by the First and Fourteenth Amendments to the United States Constitution.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

a) A declaratory judgment holding that the challenged Ordinance violates the United States Constitution, including the First and Fourteenth Amendments to the Constitution, and Article II, § 17 of the Constitution of the State of New Mexico;

b) A preliminary and permanent injunction prohibiting the City from enforcing the challenged Ordinance;

c) An award to Plaintiffs of costs and attorney's fees; and

d) Any such other and further relief that this Court deems just and proper.

## DEMAND FOR JURY RELIEF

Plaintiff demands a trial pursuant to Fed. R. Civ. 38(a).

Respectfully submitted,

FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, P.A.

*/s/ Vincent J. Ward*
Vincent J. Ward
Christopher A. Dodd
20 First Plaza, NW, Suite 700
Albuquerque, NM 87102
(505) 842-9960

And

Randy Knudson
DOERR & KNUDSON, PA
212 West First Street,
Portales, New Mexico 88130
(575)359-1289

*Attorneys for Plaintiff*