**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TERRY BETTIS,

      Plaintiff,

v.                                                               No. 2:20-cv-922 GBW/KRS

CITY OF EUNICE and
CITY COUNCIL OF EUNICE,

      Defendants.

**ORDER GRANTING IN PART MOTION TO QUASH THIRD PARTY SUBPOENA**

THIS MATTER is before the Court on Plaintiff's Motion to Quash Third Party Subpoena, (Doc. 25), filed December 29, 2020. Plaintiff contends Defendants have requested records from his employer that are irrelevant and confidential, and that the records are sought to annoy, embarrass, and oppress Plaintiff. Defendants filed a response to the Motion to Quash on January 12, 2021, (Doc. 30), and Plaintiff filed a reply on January 26, 2021, (Doc. 34). Having reviewed the Motion, briefing, record of the case, and relevant law, the Court finds the Motion to Quash shall be GRANTED IN PART and DENIED IN PART.

**I.**    **Background**

This case arises from Defendants' enactment of an ordinance which, *inter alia*, makes it unlawful for an elected official to use a social media platform to defame, intimidate, or make false accusations against the City of Eunice or any of its current or former employees. (Doc. 1) at 1; (Doc. 1-1). After passage of the ordinance, Defendants reprimanded Plaintiff as a member of the City Council of the City of Eunice for violating the ordinance by missing too many council meetings, sending inappropriate text messages, making inappropriate comments on his

Facebook account, and communicating with city staff and the mayor between the hours of 6:30 p.m. and midnight.  (Doc. 1) at 5; (Doc. 1-2).  Plaintiff states that in 2019 he experienced serious and debilitating back pain that affected his ability to attend council meetings, and he argues the ordinance was specifically enacted to address Plaintiff's attendance issues and prohibit him from criticizing Defendants on social media.  (Doc. 1) at 4.  Plaintiff claims the ordinance, on its face and as applied to Plaintiff, infringes on Plaintiff's constitutional rights to freedom of speech and expression, and that Defendants issued the public reprimand in retaliation against Plaintiff for engaging in constitutionally protected speech.  *Id.* at 7-10.  Plaintiff seeks a declaration that the ordinance is unconstitutional and an injunction prohibiting Defendants from enforcing it, as well as money damages arising from the reprimand.  *Id.* at 8-10.

In his Motion to Quash, Plaintiff challenges a subpoena issued by Defendants to Plaintiff's employer, NMR Pipeline LLC ("NMR"), commanding NMR to produce: (1) "all records and any other documentation pertaining to [Plaintiff]," including work attendance records and leave requests for 2019 and 2020; and (2) a copy of the company's drug and alcohol policy and the results of any drug testing of Plaintiff conducted by the company in 2019 and 2020.  (Doc. 25-1).  Plaintiff argues the subpoena requests records that are irrelevant and confidential, and the requested records are intended to annoy, embarrass, and oppress him.  (Doc. 25) at 1-4.

Defendants respond that the requested records are relevant because Plaintiff was publicly reprimanded for missing City Council meetings and contacting city employees after hours, and because Plaintiff seeks damages for emotional distress.  (Doc. 30) at 2, 6-8 (Defendants explain that Plaintiff raised the issue of emotional distress damages in his initial disclosures).  Defendants state they seek these records to investigate whether Plaintiff was able to work while

experiencing a back condition that he alleges caused him to miss a large number of City Council meetings and whether Plaintiff was able to operate a motor vehicle and other equipment while on medication to treat his back condition. *Id.* at 7. Defendants state they seek information related to drug use because Plaintiff communicated with the City Clerk that he was unable to drive after taking medications and Defendants want to investigate whether Plaintiff's medications contributed to his claim for emotional distress. *Id.* at 8. Defendants deny the subpoena was issued to annoy, embarrass, or harass Plaintiff, and note that any privacy concerns can be addressed with a protective order to limit who sees the records. *Id.* at 13-14.

In reply, Plaintiff maintains the requested records are irrelevant to his claims that the language of the ordinance and its application to Plaintiff violates the First Amendment. (Doc. 34) at 2. Plaintiff argues his work history and medical conditions have no bearing on these claims and do not make it more or less likely that the ordinance is unconstitutional or that Defendants' action in reprimanding Plaintiff was a violation of Plaintiff's First Amendment rights. *Id.* at 2-3. As for Plaintiff's claim for damages due to emotional distress, Plaintiff points out these are employment records, not mental health records, and as such are not relevant to the issue of emotional distress damages. *Id.* at 3-4.

**II.     Legal Standards**

Federal Rule of Civil Procedure 26 permits parties "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In considering whether to permit discovery, courts must consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit." *Id.* "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. While "relevancy in discovery is broader than that required for admissibility at trial, the object of inquiry must have some evidentiary value" to be discoverable. *Dorato v. Smith*, 163 F. Supp. 3d 837, 865-66 (D. N.M. 2015) (citation omitted); *see also* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). In addition, Rule 26(c)(1) provides that courts may limit discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Rule 45 governs subpoenas issued to nonparties. Fed. R. Civ. P. 45; *see also Simon v. Taylor*, 2014 WL 6633917, at *14 (D. N.M.) (unpublished) ("Discovery of non-parties must be conducted by subpoena pursuant to [Rule] 45."). A court may quash or modify a subpoena that requests privileged or protected information or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). While overbreadth and irrelevance are not contained within Rule 45's list of enumerated reasons for quashing a subpoena, it is generally accepted that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b). *See Quarrie v. Wells*, 2020 WL 4934280, at *2 (D. N.M.) (unpublished) ("A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26."); Fed. R. Civ. P. 45(d)(1) advisory committee note (explaining the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). Thus, the Court must examine whether a request contained in a subpoena is overbroad or seeks irrelevant information under the same standards as set forth in Rule 26(b).

4

### III. Standing

Before considering whether the subpoena should be quashed, the Court must determine whether Plaintiff has standing to move to quash a subpoena that was served on a non-party. *See Public Service Co. of Okla. v. A Plus Inc.*, 2011 WL 691204, at *2 (W.D. Okla.) (unpublished) ("[D]ecisions applying Rule 45(c)(3)(A) require a court to consider the movants' standing even if it is not disputed.") (citations omitted). A party generally has no standing to object to subpoenas issued to a non-party, absent some personal right or privilege regarding the subject matter in the documents sought. *See id.* ("[T]he general rule is that only the person to whom the subpoena is directed has standing to object to its issuance."); *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003). Courts have held that a plaintiff has standing to challenge subpoenas issued to third parties which seek the plaintiff's employment records. *See, e.g., Smith v. Kansas Publ. Empl. Retirement Sys.*, 2019 WL 1171512, at *3 (D. Kan.) (unpublished) (finding employees have personal right to their own employment records); *Shirazi v. Childtime Learning Center, Inc.*, 2008 WL 4792694, at *1 (W.D. Okla.) (unpublished) (same). The Court agrees with the reasoning of these courts and finds that Plaintiff has a personal right in his employment records sufficient to confer standing to challenge the subpoena issued to NMR.

### IV. Discussion

The Court first considers the portion of the subpoena commanding NMR to produce all records pertaining to Plaintiff, including work attendance records, leave requests, and a description of Plaintiff's job duties. (Doc. 25-1) at 1. In his Complaint, Plaintiff claims the portion of the City of Eunice's ordinance restricting City Councilors' use of social media violates Plaintiff's First Amendment rights to freedom of speech and expression, and that the City Council of Eunice retaliated against him for engaging in constitutionally protected speech. (Doc.

1) at 8-10.  Defendants argue that Plaintiff's employment records from NMR are relevant to Plaintiff's claims because the reprimand was also related to Plaintiff missing City Council meetings and contacting city employees after hours.  (Doc. 30) at 2, 6-7.  However, Plaintiff does not challenge the portion of the reprimand that mentions Plaintiff's attendance or the hours in which he contacted city employees, and Defendants do not explain how these employment records are relevant to Plaintiff's First Amendment claims.  Defendants' stated purpose for these documents is to investigate Plaintiff's work activities and challenge his assertion in his Complaint that his attendance at City Council meetings was "stellar" until his back condition arose.  *Id.* at 7.  Regardless, even if Plaintiff's employment records assist Defendants in challenging this statement, Defendants fail to explain how that would affect the outcome of Plaintiff's claims.  Stated differently, Plaintiff's attendance at City Council meetings is irrelevant to whether the ordinance violates the First Amendment or whether the City Council wrongly reprimanded Plaintiff for his online activities.

     A district court is not required to permit a party to engage in a "fishing expedition" in the hope of supporting a claim or defense.  *McGee v. Hayes*, 43 Fed.Appx. 214, 217 (10th Cir. 2002); *see also Hardrick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D. D.C. 1983) (noting courts should remain concerned about "fishing expeditions, discovery abuse and inordinate expense involved in overbroad and far-ranging discovery requests") (citation omitted)).  The Tenth Circuit has recognized that information in a personnel file is "of a highly personal nature," and a court's evaluation of relevance and proportionality must be particularly stringent where personal information is involved.  *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) (citation omitted); *Flanagan v. Munger*, 890 F.2d 1557, 1571 (10th Cir. 1989); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995) ("[B]road discovery is not

without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant.") (citation omitted); Fed. R. Civ. P. 26(b)(1) (requiring courts to consider importance of the discovery in considering whether to permit discovery).  The Court agrees with Plaintiff that the purported questions to be answered by Plaintiff's employment records do not make it more or less likely that the ordinance or reprimand violates the First Amendment.  *See* (Doc. 34) at 3.  Therefore, the portion of the subpoena seeking Plaintiff's employment records from NMR shall be quashed because it is unlikely to aid in resolving the issues in this case.

Next, the Court considers the portion of the subpoena commanding production of NMR's drug and alcohol policy in effect in 2019 and 2020 and any testing of Plaintiff in accordance with the policy in those years.  (Doc. 25-1) at 2.  While Plaintiff argues these records are irrelevant to the case, Defendants state these records are pertinent because Plaintiff seeks compensatory damages for emotional distress.  (Doc. 25) at 4; (Doc. 30) at 7-8.  Because Plaintiff put his emotional condition at issue, Defendants contend they are entitled to discover the cause and contributing factors of Plaintiff's emotional distress and investigate whether Plaintiff's medications contributed to his emotional injuries.  (Doc. 30) at 8-10.

When a party asserts a claim for emotional distress damages, courts have held that information about mental health treatment and events that may have contributed to emotional injuries are relevant and discoverable.  *See Herrera v. Santa Fe Pub. Sch.*, 2013 WL 4782160, at *15 (D. N.M.) ("Courts have recognized that, when a plaintiff alleges emotional distress, [] the scope of discovery is particularly broad.") (citation omitted); *E.E.O.C. v. BCI Coca-Cola Bottling Co. of Los Angeles*, 2008 WL 2229489, at *3 (D. N.M.) (finding "medical and psychological records are generally relevant to … claims for emotional pain, suffering, and

mental anguish"); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 657, 659-60 (D. Kan.2004) (finding that information about the plaintiff's "medical and health care providers and records relating to her medical care, treatment and counseling" were relevant to claim for emotional damages). In allowing such discovery, courts have emphasized that a subpoena for documents is less invasive than a request for an independent medical evaluation of a plaintiff's psychological state. *See Frappied v. Affinity Gaming Black Hawk, LLC*, 2018 WL 1899369, at *6 (D. Colo.) (unpublished) (allowing subpoena for medical records relating to plaintiff's mental status from plaintiff's employers).

Here, Plaintiff alleges emotional distress damages and has stated he was unable to attend City Council meetings due to medications he was taking. *See* (Doc. 30) at 23-24. As explained by the court in *Walters v. N.M. State Police*, "[i]t is axiomatic that a party may not assert a claim for damages and then deny the opposing party an opportunity to ascertain their legitimacy." 2004 WL 7337648, at *2 (D. N.M.). By seeking damages for emotional injuries, Plaintiff placed his emotional condition at issue and Defendants are entitled to investigate whether other matters, including medications and drug use that might be disclosed by the drug-testing records, impacted the nature, extent, and cause of those injuries. *See id.* (holding that information about mental health treatment where plaintiff claimed emotional distress was necessary to confirm claims, evaluate the case for settlement, and prepare to refute the claims at trial); *see also York v. Am. Tel. & Tel. Co.*, 95 F.3d 948, 957 (10th Cir. 1996) ("Because York chose to raise a claim of emotional distress, it was entirely appropriate for the court to allow the defendants to introduce evidence of alternate or multiple causes of such distress."). Therefore, the Court finds the drug-testing records are relevant to the parties' claims and defenses.

Plaintiff also asserts the subpoena is intended to annoy, embarrass, or oppress him by undermining Plaintiff's relationship with his employer and implying Plaintiff has been using drugs. (Doc. 25) at 4-5. A court may issue an order to protect a party from annoyance, embarrassment, or oppression upon a showing of good cause. Fed. R. Civ. P. 26(c)(1)(A). To make such a showing, the party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Landry v. Swire Oilfield Svcs., LLC*, 323 F.R.D. 360, 384 (D. N.M. 2018) (citation omitted). The Court is sympathetic that the requested records are sensitive. Nevertheless, Plaintiff's assertions of annoyance or embarrassment are speculative and general, and the records are relevant to Plaintiff's claim for emotional damages. *See Velasquez v. Frontier Med. Inc.*, 229 F.R.D. 197 (D. N.M. 2005) (finding defendants did not show discovery requests would cause annoyance, embarrassment, or oppression when they "did not provide any affidavits or documentation to support good cause," "the court could not discern any specific harm that the defendants would receive," and "the defendants asserted only general concerns"). Moreover, Plaintiff can protect the confidential nature of the records by entering into a confidentiality agreement with Defendants. For these reasons, the Court finds Plaintiff has not made a showing of good cause that the subpoena was made for an improper purpose. The Court will deny the motion to quash the subpoena as to the drug policy and testing records.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Quash Third Party Subpoena, (Doc. 25), is GRANTED IN PART and DENIED IN PART as follows:

(1) The Motion is GRANTED as to the portion of the subpoena seeking "all records and any other documentation pertaining to [Plaintiff]," including work attendance records,

9

leave requests, and a description of his job duties for 2019 and 2020, (Doc. 25-1) at 1; and

(2) The Motion is DENIED as to the portion of the subpoena seeking a copy of the company's drug and alcohol policy and the results of any drug testing of Plaintiff conducted by the company in 2019 and 2020, (Doc. 25-1) at 2.  NMR shall produce these documents in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

IT IS SO ORDERED.

                                                      _____
                                                      KEVIN R. SWEAZEA
                                                      UNITED STAGES MAGISTRATE JUDGE