**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TERRY BETTIS,

Plaintiff,

v. Civ. No. 20-922 GBW/KRS

CITY OF EUNICE, *et al.*,

Defendants.

**ORDER DENYING PRELIMINARY INJUNCTION**

THIS MATTER comes before the Court on Plaintiff's Motion for Preliminary Injunction. *Doc. 16*. Having reviewed the Motion and the attendant briefing (*docs. 26, 31, 38*), and having heard oral arguments in this matter (*doc. 43*), the Court will DENY the Motion for the reasons that follow.

## I. BACKGROUND

Plaintiff filed this suit on September 10, 2020, seeking declaratory, injunctive, and monetary relief for asserted violations of free speech under the U.S. and New Mexico constitutions. *Doc. 1*. Plaintiff's lawsuit challenges Section 2-50(b) of Defendants' Code of Conduct for Elected Officials, which was enacted as Ordinance 532 on August 20, 2019. *Doc. 1* at ¶ 10; *doc. 16-1*. Section 2-50(b) of Ordinance 532 states: "No elected official shall take to any social media platform to defame, intimidate or make false accusations against the City of Eunice or any of its current or former employees." *Doc. 16-1* at 1.

On October 14, 2019, Plaintiff, a city council member, was publicly reprimanded for violations of the Code of Conduct, including Section 2-50(b). *Doc. 16-2*. The reprimand charges Plaintiff with making comments on his Facebook account "that have not been appropriate." *Id*. On or about December 18, 2019, Defendants sent a letter to the New Mexico Attorney General to inquire about the process of removing Plaintiff from the city council for his violations of the Code of Conduct, including his allegedly inappropriate Facebook comments. *Doc. 16-3*.

Plaintiff filed the present Motion on December 2, 2020. *Doc. 16*. Defendants filed their response on January 5, 2021. *Doc. 26*. In the intervening time, Ordinance 532 was replaced by Ordinance 551 effective December 18, 2020. *Id.* at 36–39. The new Section 2-50(b) of the Code of Conduct states:

> An elected official shall always represent that opinions stated in any public forum including electronic communications, are the elected official's own and do not represent those of the city or the city council of which he/she is a member, unless the body has voted and approved a motion, resolution or other action supporting such statements.

*Id.* at 36. Plaintiff's presumptive deadline to amend his complaint expired on the same day the new ordinance took effect. *Doc. 22* at 2.

Plaintiff filed a reply on January 19, 2021, to which the Court ordered Defendants to file a surreply. *Docs. 31, 33*. Defendants' surreply was filed on January 29, 2021. *Doc. 38*. The Court held a hearing on the motion on February 8, 2021. *Doc. 43*.

## II. LEGAL STANDARDS

A preliminary injunction is an "extraordinary remedy" and should not be issued unless "the right to relief [is] clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (citation omitted). To obtain a preliminary injunction, a movant must show: (1) a substantial likelihood of success on the merits of his claims; (2) irreparable harm if the injunction is denied; (3) that the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest. *Wilderness Workshop v. U.S. Bureau of Land Mgmt.*, 531 F.3d 1220, 1224 (10th Cir. 2008). "[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements . . . will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citation omitted).

## III. ANALYSIS

Plaintiff's motion for preliminary injunction cannot be granted because it is premised on allegations that are not currently included in his operative complaint. "The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality *alleged in the complaint*."

*Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (emphasis added). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the *conduct asserted in the complaint*." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (emphasis added); *see also Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010). Additionally, the "likelihood of success on the merits" factor necessarily requires analyzing the claims and factual allegations asserted in the complaint. *ZeptoLab UK Ltd. v. Commonwealth Toy & Novelty Co.*, 2012 WL 4761501, at *7 (S.D.N.Y. Aug. 23, 2012) (unpublished).

Given the changes in the effective ordinance, the preliminary injunction sought by Plaintiff is no longer sufficiently related to the conduct and injury alleged in Plaintiff's complaint. This disconnect is seen most clearly in two ways. First, the theory under which Plaintiff's First Amendment rights are allegedly violated by Ordinance 551 is fundamentally different from Plaintiff's theory against Ordinance 532 – compelled speech vs. restricted speech. *Compare doc. 31* at 4–5 *with doc. 1* at 1–10. Second, Plaintiff's complaint appears to lack standing to challenge Ordinance 551. Where a plaintiff is seeking to challenge a law that has not been enforced against him, Article III standing requires that he allege: (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by [the challenged law],"

and (2) "a credible threat of future prosecution." *Mink v. Suthers*, 482 F.3d 1244, 1252 (10th Cir. 2007). Yet Plaintiff's complaint does not include any sworn allegations concerning his intention to engage in conduct that would run afoul of Ordinance 551. Consequently, to the extent that Plaintiff's motion would seek to enjoin the operative ordinance (Ordinance 551), the legal violation and resulting injury alleged in the complaint lack adequate relationship to that ordinance.

Insofar as Plaintiff seeks to preliminarily enjoin enforcement of Ordinance 532, his request is, as a practical matter, mooted by the replacement of Ordinance 532 for Ordinance 551. Admittedly, there are exceptions to the principle that recission or amendment of a law moots a challenge to it. *See City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1116 (10th Cir. 2010); *Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1223 (10th Cir. 2001) (citing *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 116 (4th Cir. 2000), *Ky. Right to Life, Inc. v. Terry*, 108 F.3d 637, 645 (6th Cir. 1997), and *Barilla v. Ervin*, 886 F.2d 1514, 1521 (9th Cir. 1989)). However, the issue before the Court is not whether Plaintiff's request for injunctive relief is moot given the replacement of Ordinance 532 by Ordinance 551. The question is Plaintiff's entitlement to a *preliminary* injunction of the now-repealed ordinance. The Court need not delve into a jurisdictional mootness analysis to conclude that the repeal renders a request for preliminary injunction

practically moot.[1] Should Defendants, during the pendency of this lawsuit, reinstate the substance of Ordinance 532, then Plaintiff can readily seek another preliminary injunction of its enforcement.

## IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Preliminary Injunction (*doc. 16*) is DENIED.

IT IS FURTHER ORDERED that Plaintiff must seek the Court's leave to amend his complaint **no later than March 1, 2021**.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

[1] The Court makes no finding at this time as to whether Plaintiff's request for *permanent* injunctive relief (or any other permanent relief sought in Plaintiff's operative complaint) is also moot. The Court also expresses no opinion about the appropriateness of discovery focused on the voluntary cessation exception. *See doc. 43* at 2.